**Herbert R. SMITH, Petitioner–Appellant,**

v.

**Janet RENO, Attorney General, et al., Respondents–Appellees.**

No. 00–5729.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

*ORDER*

Pro se Kentucky prisoner Herbert R. Smith appeals a district court order that dismissed his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Repeating claims raised and resolved on the merits against him, Smith filed the instant § 2241 petition challenging the validity of a federal detainer. The district court dismissed the petition under the doctrine of res judicata, noting that Smith's petition was his fourth attempt in challenging the detainer. *See Smith v. Reno,* No. 98–5626, 1999 WL 777627, at *1 (6th Cir. Sept. 17, 1999) (unpublished).

In his timely appeal, Smith continues to argue the merits of his petition. He also moves the court for pauper status. We grant the motion.

Our review of the district court's order is de novo. *See Fowler v. United States Parole Comm'n,* 94 F.3d 835, 837 (3d Cir.1996). Smith's petition is barred by the doctrine of claim preclusion. Smith previously challenged the detainer in three prior petitions with the district court. Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994). As Smith attempts for a fourth time to challenge the federal detainer, the district court properly dismissed the petition under the doctrine of claim preclusion.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.